Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 295 | **DATE** | 9/25/2000 |
| **CASE TITLE** | Coleman vs. County of Kane, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting plaintiff's motion for class certification (5-1). Discovery is ordered closed 4/30/01. Pretrial order will be due by 5/31/01. Response to any motions in limine due by 6/14/01. Pretrial conference set for 6/29/01 at 4:00 p.m. Trial set for 7/9/01 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 25 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 25 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 00 SEP 25 PM 1:35 | 9/25/2000 date mailed notice | |
| MPJ courtroom deputy's initials | | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTHONY COLEMAN )
 )
       Plaintiff, )
 )
v. ) No. 00 C 0295
 )
COUNTY OF KANE, )
KENNETH R. RAMSEY, Sheriff of )
Kane County, Illinois )
 )
       Defendants. )

DOCKETED
SEP 26 2000

## MEMORANDUM OPINION AND ORDER

Anthony Coleman was arrested on October 31, 1998 and taken into custody at the Kane County Jail. Sheriff Ramsey is an elected Kane County official whose duties include implementing and executing policies which concern the release of inmates from the Kane County Jail. In addition to the bail set by the Circuit Court of Kane County, Mr. Coleman was required to pay a nonrefundable $11 fee to secure his pretrial release. It is the County's policy to collect this fee from every person who posts bond at the Kane County Jail. Mr. Coleman claims that the imposition of this "sheriff's fee" in addition to a court-imposed bond to attain release violates Illinois law and the United States and Illinois Constitutions and sues the County of Kane and its Sheriff

(hereafter "Kane"). Mr. Coleman moves for class certification as a Rule 23(b)(3) action for damages, and I grant the motion.

I.

Rule 23(a) of the Federal Rules of Civil Procedure provides for certification of a class when: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. *Shvartsman v. Apfel*, 138 F.3d 1196, 1201 (7th Cir. 1998). This is a class action for damages under Rule 23(b)(3). The showing for a Rule 23(b)(3) certification is that: (1) common issues of law and fact predominate and (2) a class action is superior to other forms of adjudication. *Warnell v. Ford Motor Co.*, 189 F.R.D. 383, 386 (N.D. Ill. 1999). The parties seeking class certification assume the burden of demonstrating that certification is appropriate. *Retired Chicago Police Assoc. v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). I assess whether the class should be certified without regard to the merits, *Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 474 (7th Cir. 1997).

II.

Mr. Coleman seeks to certify and represent the class of "[a]ll persons who were detained at the Kane County Jail prior to January 1, 2000, and who were required to pay an $11.00 sheriff's processing fee to secure their release on bond." This is a readily identifiable class of which Mr. Coleman is a member.

Mr. Coleman claims that hundreds of detainees were charged the allegedly unlawful fee, so joinder is impracticable and numerosity satisfied. Kane claims Mr. Coleman has not met his burden because he uses 1997 data to "speculate" as to class size. Naked speculation as to the size of a class generally do not suffice, *Valentino v. Howlett*, 528 F.2d 975, 978 (7th Cir. 1976), but Mr. Coleman offers evidence that 2,809 criminal felonies, 7,097 criminal misdemeanors and 1,630 DUI cases were filed in Kane County in 1997. The defendants present no compelling evidence of their own of dwindling population or crime. I need not abandon common sense in determining numerosity, *Patrykus v. Gomilla*, 121 F.R.D. 357, 360 (N.D. Ill. 1988), and Kane does not deny that detainees are charged a bond fee. Therefore, Mr. Coleman's estimate that the proposed class would include hundreds of people is reasonable. While there is no threshold or magic number at which joinder is impracticable,

a class of more than 40 members is generally believed to be sufficiently numerous for Rule 23 purposes. *Chandler v. Southwest Jeep-Eagle, Inc.*, 162 F.R.D. 302, 307 (N.D. Ill. 1995); *see also Massie v. Illinois Department of Transportation*, 1998 WL 312021, *2 (N.D. Ill. 1998)(certifying class of 53); *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 56 (N.D. Ill. 1996)(certifying class of 18). It is reasonable to conclude that at least forty people have been arrested and charged the "sheriff's fee." A class action is also an appropriate vehicle to address what is alleged to be a systemic problem, as due to the small size of the fee amount, class members are unlikely to bring separate claims.

Kane claims that commonality is defeated because Mr. Coleman's friend tendered the bond fee to the Sheriff to secure his release. Therefore, Mr. Coleman has suffered no financial injury so has no standing and cannot represent a class of plaintiffs that did pay the fee. This is silly. Mr. Coleman alleges that his friend paid his money on his behalf, so it is he who suffered the loss. Most, if not all, people who are locked up in jail similarly have someone else pay their bond -- and any sheriff's fee -- for them. Even if his friend did pay the fee, presumably, he now owes his friend $11 and accordingly has suffered a loss. Mr. Coleman's complaint

alleges standardized wrongful conduct by the defendants toward members of the proposed class of pretrial detainees. *Patterson v. General Motors Corp.*, 164 F.2d 476, 481 (7th Cir. 1980). Therefore, common questions of law and fact exist, and commonality is met.

Typicality is met under Rule 23(a)(3) when the claim arises from the same event, practice or course of conduct that gives rise to the claims of the other class members and is based upon the same legal theory as the other class claims. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)(citation omitted). The plaintiffs here allege identical legal theories based on similar fact patterns, that they were arrested and detained until they could pay not only their court-determined bail but a bond fee imposed by the Kane County Sheriff, a practice Mr. Coleman claims is unconstitutional.

The defendants pose two related challenges to typicality. First, they allege that the claims of the named plaintiffs with cases currently pending are barred under the *Younger* abstention doctrine. Second, they argue that because plaintiffs did not raise these claims in their previous state proceeding, they are collaterally estopped from doing so now. *Walker v. Cockrell*, 110 Ill.App.3d 562 (1982). The *Younger* abstention doctrine prevents

federal courts from enjoining state criminal proceedings, not from dealing with peripheral matters which the defendant could not raise as a defense, which are unrelated to any ultimate issues of guilt or innocence and would not impact the decision of the state trier of fact.[1] Nor am I certain that this administrative fee is part of the bond and so capable of being raised in the state proceeding. Regardless, this legal argument whether abstention or estoppel is appropriate goes to the merits, which I do not review in a motion for class certification. Moreover, the results of the Kane's arguments seem slightly absurd. Under this line of reasoning, federal courts would always lack jurisdiction in any civil case in which a detainee is charged in a criminal proceeding. Plaintiffs who were former criminal defendants should have raised the claim in

---

[1] In *Younger v. Harris*, 401 U.S. 37 (1971), a state criminal defendant filed a federal complaint alleging that the statute underlying his state prosecution violated the Constitution and asking that its enforcement be enjoined. In doing so, he attempted to escape the state system and reframe the issues on his own terms in federal court, converting what would ordinarily be a defense to criminal prosecution into an affirmative claim for relief. The Supreme Court held that, under these circumstances, the federal court should abstain from hearing the case, based on principles of equity, comity and federalism. *Id.* 401 U.S. at 43-44, The *Younger* decision was very much grounded in the basic equity doctrine that courts should not enjoin ongoing criminal prosecutions when the moving party has an adequate remedy at law and will not suffer irreparable harm, and in the manifest importance of the states' role in the enforcement of criminal laws. *Id.*

their state proceeding below, and, if they did not, they are estopped from raising it now. This is not the law, and in any event, it is a defense which likely to be common to nearly all of the plaintiffs. Therefore, both Mr. Coleman's claim and Kane's defenses are typical of the proposed class.

The fourth prerequisite to class certification under Rule 23(a)(4) is that the representative party will fairly and adequately protect the interests of the class. To satisfy this requirement, the interests of the class representative must coincide with those of the rest of the class, and the class representative and his attorney must be prepared to prosecute the action vigorously and with adequate financial commitment. *Grossman v. Waste Management*, 100 F.R.D. 781, 789-90 (N.D. Ill. 1984). Kane does not challenge plaintiff's counsel's qualifications, and based on his competent and professional pleadings, I have no reason to doubt counsel can prosecute this action. Mr. Coleman's interest in this case is virtually identical with those of the entire class. There is no reasonable basis to conclude that any potential antagonism exists, or that the named plaintiffs lack standing or that they will not vigorously pursue this litigation. Kane raises the arguments I rejected above as to Mr. Coleman's ability to

represent the class, and I reject them again. *See Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) ("[F]actual variations among class members' grievances do not defeat a class action."). Mr. Coleman seeks relief that is directed to all class members, so he is an adequate representative.

Finally, Mr. Coleman seeks to certify this class under Rule 23(b)(3). Kane objects that the class is too fractured because of differing questions of law and fact between the class members, specifically that it has available the defenses of *Younger* abstention, collateral estoppel, and lack of standing. As explained above, I disagree that any of these will act to prevent a cohesive class. Common questions of law and fact appear to predominate, and a class action is clearly superior given the circumstances. Former detainees are unlikely, and probably unable, to pursue individual claims of $11, particularly if they are in the midst of criminal proceedings, which presumably will take precedence. Proceeding as a class action will prevent duplicative trials and promote efficiency of resources; ultimately, it serves the interest of the judiciary, the plaintiffs and even the defendants to deal with these issues in a single forum.

I GRANT the plaintiff's motion to certify the class.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: September 25, 2000